UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>09-60182-CR-COHN</u>

UNITED STATES OF AMERICA

vs.

JEFFREY CHERNICK

**Defendant.**
_____ /

## PLEA AGREEMENT

The United States of America and Jeffrey Chernick (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment, waive venue, and plead guilty to count one of the Information, which charges the defendant with willfully filing a false tax return, in violation of Title 26, United States Code, Section 7206(1).

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.

The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to three years, followed by a term of supervised release of up to one year. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida and the United States Department of Justice Tax Division (hereinafter "United States") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any

agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the United States will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the court to allocate their resources efficiently. The United States further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the United States prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. Tax Loss: The relevant amount of actual, probable, or intended tax loss under Section 2T1.1 of the Sentencing Guidelines resulting from the offense committed in this case and all relevant conduct is the tax loss associated with accounts at UBS that were disclosed to the Government pursuant to the Deferred Prosecution Agreement with UBS, and of which the defendant was the beneficial owner for tax years 2001 through 2007.

    b. Sophisticated Means: The offense involved sophisticated means, which results in a two-level offense increase.

8. A. The defendant agrees to cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to his 2001 through 2007 income tax returns and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The defendant agrees to provide the IRS any documentation in the defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing.

B. The defendant also agrees to work diligently with the Internal Revenue Service to resolve the liability for all taxes, interest, and penalties due and owing to the IRS, including all taxes, interest, and penalties on his individual and any related corporate/entity liabilities for the tax years 2001 through 2007. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the defendant may owe.

C.	The defendant agrees that any statements made by him to the IRS and/or in this agreement shall be admissible against the defendant without any limitation in any civil or criminal proceeding and the defendant stipulates to the authenticity and admissibility, in any civil or criminal proceeding, of any documentation provided by the defendant to the IRS. The defendant hereby waives any protection afforded by Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure with regard to any such statements and documentation. In the event that the defendant withdraws from this agreement prior to pleading guilty and/or fails to fully comply with any of the terms of this agreement, the United States will, at its option, be released from its obligations under this agreement, but under no circumstances shall the defendant be released from the agreements and waivers made by him in this and the preceding two paragraphs.

D.	The defendant further agrees that any evidence, including statements and documents, provided to the United States by the defendant pursuant to a Proffer Agreement, without any limitations, can be utilized by the United States in its civil examination, determination, assessment, and collection of income taxes related to his income tax returns and any related corporate/entity tax returns, or any other civil proceeding. The United States does not deem this, in any way, to be a waiver of the defendant's attorney-client privilege with respect to any attorney.

E.	The defendant further agrees that in order to resolve his civil liability for failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1, for tax years 2001 through 2007, he will pay a fifty percent penalty for the one year with the highest balance in the account as of June 30 for calendar years 2001 through 2007.

9.	The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange

for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.  The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

      10.    The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the court.  The defendant understands further that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.  The defendant understands and acknowledges,  as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing

6

recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

11.  This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings unless contained in a letter from the United States Attorney's Office executed by all parties and counsel prior to the change of plea.

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

Date: 7/28/09

By: *[signature]*
KEVIN DOWNING
SENIOR TRIAL ATTORNEY
MICHAEL P. BEN'ARY
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
TAX DIVISION

Date: 7/28/09

By: *[signature]*
JEFFREY A. NEIMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 7/28/09

By: *[signature]*
DOUGLAS M. TWEEN
MEAGAN E. GARLAND
ATTORNEYS FOR DEFENDANT

Date: 7/28/09

By: *[signature]*
JEFFREY CHERNICK
DEFENDANT

7